NABKEY v KENT COMMUNITY ACTION PROGRAM, INC

Docket No. 48169. Submitted June 4, 1980, at Grand Rapids.—Decided July 31, 1980.

L. Lea Nabkey brought an action *in propria persona* under the Freedom of Information Act seeking to enjoin Kent Community Action Program, Inc. from withholding certain information in violation of the act, punitive damages, costs, and attorney fees. Following the filing of the action, defendant informed plaintiff that she could review the documents requested and moved for summary judgment, which motion was granted, Kent Circuit Court, Stuart Hoffius, J. The court awarded plaintiff $50 and out-of-pocket costs. Plaintiff appeals. *Held:*

1. The Court of Appeals has adopted a "per se" rule that a party moving for summary judgment, pursuant to court rule, must file supporting affidavits, and failure to do so will result in reversal regardless of whether the motion is supported by other proof in the record. Thus, since defendant failed to file supporting affidavits, the trial court erred in granting its motion for summary judgment.

2. The trial court made a proper award to plaintiff of costs and $50 for disbursements.

3. The trial court did not err in denying plaintiff attorney fees as provided by statute, since plaintiff was not represented by an attorney.

4. An award of punitive damages of $500 is mandated by statute to a prevailing plaintiff where the trial court determines that the defendant's refusal or delay in disclosing the requested information constitutes an arbitrary and capricious violation of the act. Since the trial court did not address the question of whether defendant so delayed in complying with

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 66 Am Jur 2d, Records and Recording Laws §§ 2, 23, 32.
[2] 73 Am Jur 2d, Affidavits §§ 16, 17.
[3] 20 Am Jur 2d, Costs § 77.
Construction and application of Freedom of Information Act provision (5 USCS § 552(a)(4)(E) concerning award of attorney fees and other litigation costs. 36 ALR Fed 530.
[4] 22 Am Jur 2d, Damages § 236 *et seq.*

plaintiff's request, the action is remanded for a determination on this issue.

Reversed in part, affirmed in part and remanded.

1. Administrative Law — Freedom of Information Act — Public Body — Statutes.

An offer by a public body to make its records available to a person desiring to review them is all that is required of it for compliance with the Freedom of Information Act (MCL 15.231 et seq.; MSA 4.1801[1] et seq.).

2. Judgments — Summary Judgment — Supporting Affidavits.

A party moving for summary judgment, pursuant to court rule, must file supporting affidavits, and failure to do so will result in a reversal, regardless of whether the motion is supported by other proof in the record (GCR 1963, 117.2[3]).

3. Attorney and Client — Attorney Fees — Statutory Provisions.

No award of attorney fees is possible where a prevailing plaintiff under the Freedom of Information Act, otherwise entitled to such fees, is not represented by an attorney, and a denial of such fees by a trial court does not constitute error (MCL 15.240[4]; MSA 4.1801[10][4]).

4. Damages — Punitive Damages — Freedom of Information Act — Statutes.

An award of punitive damages to a prevailing plaintiff is mandated by the Freedom of Information Act where the trial court determines that the defendant's refusal or delay in disclosing the requested information constitutes an arbitrary and capricious violation of the act (MCL 15.240[5]; MSA 4.1801[10][5]).

L. Lea Nabkey, in propria persona.

South Kent Law Center (by William R. Farley), for defendant.

Before: R. B. Burns, P.J., and MacKenzie and J. T. Kallman,* JJ.

Per Curiam. In this action, plaintiff, L. Lea Nabkey, alleged that defendant, Kent Community

* Circuit judge, sitting on the Court of Appeals by assignment.

Action Program, had refused her written request to review certain of its files in violation of the Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.* Plaintiff sought an order enjoining defendant from withholding this information and an award of punitive damages, costs, and attorney fees.

Upon the filing of this action, defendant advised plaintiff by letter that she could review the documents which she had previously requested. Plaintiff acknowledged receipt of this letter in her answer to defendant's interrogatories. Defendant then moved for summary judgment on the ground that plaintiff had access to the requested records and that the court, therefore, need not issue any disclosure order. The court granted defendant's oral motion on the basis that the records are available to plaintiff and that the offer to make the records available is all that is required under the Freedom of Information Act. The court stated that the disclosure offer by defendant was to be a continuing offer and plaintiff was awarded $50 in addition to her out-of-pocket costs which she had expended in bringing this *in propria persona* action. Plaintiff appeals.

On appeal, plaintiff contends that the trial court committed error in denying plaintiff a fair trial, a fair and impartial jury, and punitive damages. Plaintiff complains that: "The trial was strangely handled and was treated more as a Motion than a trial. Defendant's witnesses were not present and plaintiff-appellant was denied her right to testify." Plaintiff also argues that because she performed for herself the services which an attorney would have performed on her behalf, the trial court erred by not awarding her attorney fees.

Much of plaintiff's difficulty with this action

appears to be the result of plaintiff's pursuing this action unaided by counsel. The normal motion procedures which occurred seemed "strange" to plaintiff and "puzzled and perplexed" her. In that respect, this Court cannot remedy the "wrongs" plaintiff alleges transpired. However, we believe that three issues merit discussion.

The first issue we consider is the trial court's granting of summary judgment pursuant to GCR 1963, 117.2(3) when the moving party failed to file supporting affidavits. This Court has adopted a "per se" rule that a party moving for summary judgment pursuant to GCR 1963, 117.2(3) must file supporting affidavits, and failure to do so will result in reversal regardless of whether the motion is supported by other proof in the record. Based on this "per se" rule the trial court erred in granting defendant's motion for summary judgment.

The second issue we consider is the trial court's denial of attorney fees. Under § 10(4) of the act, MCL 15.240(4); MSA 4.1801(10)(4), plaintiff, as a prevailing plaintiff, was entitled to an award of "reasonable attorneys' fees, costs, and disbursements". Though the trial court erroneously viewed this award as a matter of discretion, the court nonetheless made a proper award to plaintiff of costs and $50 for disbursements. Since plaintiff was not represented by an attorney, no award of attorney fees was possible, and the trial court did not err in denying such fees.

The third issue which we consider involves plaintiff's request for an award of punitive damages. Subsection 10(5) of the act, MCL 15.240(5); MSA 4.1801(10)(5), mandates an award of punitive damages in the amount of $500 to a prevailing plaintiff where the trial court determines that the defendant's refusal or *delay* in disclosing the re-

quested information constitutes an arbitrary and capricious violation of the act.

The trial court in the present action never addressed the question of whether defendant "arbitrarily and capriciously" delayed in complying with plaintiff's request. We, therefore, remand the action for a determination on this issue.

Reversed in part, affirmed in part, and remanded for further consideration in accordance with this opinion.