SCHINZEL v WILKERSON

Docket No. 52100. Submitted June 2, 1981, at Grand Rapids.—Decided October 20, 1981.

Joseph Schinzel brought an action against Frank Wilkerson, as administrator of the Wayne County Jail, seeking release of certain information pursuant to the Freedom of Information Act. Both parties moved for summary judgment. Wayne Circuit Court ordered the information released in compliance with the act, but denied the plaintiff attorney fees and costs, John D. O'Hair, J. The plaintiff appeals the denial of fees and costs. *Held:*

The circuit court properly denied the plaintiff an award of attorney fees. The plaintiff's appearance *in propria persona* precludes such an award. However, the court erred in denying the plaintiff costs, and the case is remanded for a determination of costs exclusive of attorney fees.

Affirmed in part, reversed in part, and remanded.

1. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — ACTIONS — ATTORNEY FEES — STATUTES.

A person asserting the right to inspect or receive a copy of a public record or portion thereof who prevails in an action commenced pursuant to the Freedom of Information Act is entitled to reasonable attorney fees and costs (MCL 15.240[4]; MSA 4.1801[10][4]).

2. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — ACTIONS — STATUTES.

A plaintiff in an action commenced pursuant to the Freedom of Information Act prevails where it is determined that the action

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Costs § 72.

66 Am Jur 2d, Records and Recording Laws § 32.

Construction and application of Freedom of Information Act provision (5 USCS § 552(a)(4)(E)) concerning award of attorney fees and other litigation costs, 36 ALR Fed 530.

[2-4] 20 Am Jur 2d, Costs § 14 *et seq.*

66 Am Jur 2d, Records and Recording Laws § 32 *et seq.*

[4] 20 Am Jur 2d, Costs § 77.

was reasonably necessary to compel disclosure of the information sought and the action had a substantial causative effect on the delivery of the information (MCL 15.240[4]; MSA 4.1801[10][4]).

3. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — ACTIONS — ATTORNEY FEES — STATUTES.

An award of attorney fees and costs to a plaintiff in an action commenced pursuant to the Freedom of Information Act is mandatory where the plaintiff prevails; however, where the plaintiff only partially prevails an award is discretionary with the trial court (MCL 15.240[4]; MSA 1801[10][4]).

4. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — ACTIONS — ATTORNEY FEES — STATUTES.

A plaintiff appearing *in propria persona* who prevails in an action commenced pursuant to the Freedom of Information Act is entitled to an award of his actual expenditures, but is not entitled to an award of attorney fees (MCL 15.240[4]; MSA 4.1801[10][4]).

Joseph Schinzel, *in propria persona.*

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

T. GILLESPIE, J. Joseph Schinzel is not a stranger to the appellate courts. See *People v Schinzel,* 86 Mich App 337; 272 NW2d 648 (1978), *People v Schinzel,* 406 Mich 888; 276 NW2d 27 (1979), *People v Schinzel (On Remand),* 97 Mich App 508; 296 NW2d 85 (1980).

In this case, in May, 1979, Schinzel made a request to the sheriff of Wayne County under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* for records of the Wayne County Jail relating to judicial orders, directives, and regulations concerning fire standards and contraband.

The sheriff's attorneys refused the request on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the grounds that the act did not apply. Schinzel, appearing *in propria persona,* then commenced an action against Frank Wilkerson, administrator of the Wayne County Jail, in October, 1979, under the FOIA. Both parties moved for summary judgment.

The trial judge ruled that the sheriff was within the scope of the act and ordered compliance with the plaintiff's request.

The judge, however, did not award attorney fees or costs to the plaintiff. He further denied the plaintiff's motion for reconsideration to award the fees and costs. Plaintiff appeals as of right, seeking his attorney fees and costs.

MCL 15.240(4); MSA 4.1801(10)(4) provides:

"If a person asserting the right to inspect or to receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person prevails in part, the court may in its discretion award reasonable attorneys' fees, costs, and disbursements or an appropriate portion thereof. The award shall be assessed against the public body liable for damages under subsection (5).

The key word in this section is the word "prevail". This Court has used the test which is set forth in *Bredemeier v Kentwood Board of Education,* 95 Mich App 767, 772; 291 NW2d 199 (1980), to determine whether the plaintiff has "prevailed". This test is whether: (1) the action was reasonably necessary to compel the disclosure; and (2) the action had the substantial causative effect on the delivery of the information to the plaintiff. See *Crooker v United States Dep't of Justice,* 632 F2d 916 (CA 1, 1980), *Vermont Low Income Advocacy*

*Council, Inc v Usery,* 546 F2d 509, 514 (CA 2, 1976).

It is apparent in the instant case that the sheriff did not intend to honor the plaintiff's request because he did not believe that the FOIA applied. Secondly, he did not intend to comply until ordered to do so by the court.

The plaintiff therefore has met the *Bredemeier* test as to entitlement to attorney fees and costs incurred.

Having satisfied the *Bredemeier* test as to entitlement, it must be determined whether the trial court had discretion to award attorney fees and costs. In *Penokie v Michigan Technological University,* 93 Mich App 650, 665-666; 287 NW2d 304 (1979), this Court held that the award is mandatory if the plaintiff prevails, and it is only where the plaintiff partially prevails that the court has discretion.

Finally, we must address the question of whether plaintiff's appearance *in propria persona* entitles him to a mandatory award of attorney fees where he has not hired an attorney but has put time and effort into his own representation.

This Court has previously decided this question in *Nabkey v Kent Community Action Program, Inc,* 99 Mich App 480, 483; 298 NW2d 11 (1980). In that case the Court simply held that where no attorney is employed no attorney fees will be awarded.

We follow the *Nabkey* rule, and our rationale is as follows.

The Legislature in the enactment of the Michigan FOIA followed closely, but abbreviated, the Federal Freedom of Information Act, 5 USC 552. *International Business Machines Corp v Dep't of Treasury,* 71 Mich App 526, 535; 248 NW2d 605

(1976). The intent of both acts is to establish a philosophy of full disclosure by public agencies and to deter efforts of agency officials to prevent disclosure of mistakes and irregularities committed by them or the agency and to prevent needless denials of information. *Crooker, supra,* 920, *Penokie, supra.*

The purpose for inclusion of MCL 15.240(4); MSA 4.1801(10)(4) is to facilitate the stated purpose of the act to make available to all persons "full and complete information regarding the affairs of government". MCL 15.231(2); MSA 4.1801(1)(2).

The provision was not enacted to provide a windfall for any litigant who elects to use the act to recover for legal services not performed by an attorney. Where a litigant represents himself, the result is often difficult for and a hindrance to the judicial process, and such a policy would encourage proliferation of *pro se* actions to earn professional fees to the detriment of the judicial system. As one court aptly put it, "The Freedom of Information Act was not enacted to create a cottage industry for federal prisoners". *Crooker v United States Dep't of Treasury,* 634 F2d 48, 49 (CA 2, 1980). There could be no meaningful standard for calculating attorney fees to laypersons proceeding with litigation brought in their names.

For these reasons, claims for attorney fees for *pro se* actions under the FOIA should be denied to prevailing plaintiffs.

On the other hand, the actual expenditures of a prevailing plaintiff should be allowed. The legislative intent to provide access to the courts is thereby ensured in a manner that makes the litigant whole without providing a windfall.

This case is remanded to the trial court for determination of actual costs, exclusive of attorney fees, which should be allowed to plaintiff in the trial court.

No costs will be allowed in this Court, neither party having fully prevailed.

Affirmed in part, reversed in part, and remanded.