BOURKE v WARREN

Docket No. 57171. Submitted June 8, 1982, at Lansing.—Decided August 24, 1982.

Plaintiffs Edward Bourke and Arlene Bourke brought an action against defendant Jon T. Warren alleging that defendant, while acting as their attorney, negligently allowed the period of limitation to expire with respect to a certain property damage claim which the plaintiffs were pursuing against several other defendants. That claim resulted from an accident in which plaintiff's building was damaged when struck by a truck owned by one of the defendants in that case. In that suit, plaintiffs retained another attorney, sued the company which owned the truck, the company's insurance carrier, and the plaintiff's insurance carrier. The company's insurance carrier was dismissed from that suit on the ground that the action was started beyond the period of limitation. The plaintiff's insurance carrier remained in the litigation and a verdict in favor of the plaintiffs in the amount of $800 resulted. In this legal malpractice action the Genesee Circuit Court, Phillip C. Elliott, J., granted the defendant's motion for summary judgment on the basis that the plaintiffs could not factually support their claim regarding the defendant's alleged negligence. Plaintiffs appeal alleging error in the granting of the motion for summary judgment. *Held:*

1. The summary judgment was granted on facts outside the pleadings filed, therefore, GCR 1963, 117.2(3) is applicable here. That rule requires such a motion to be supported by affidavits. No supporting affidavits were filed in this case.

2. The failure to file the requisite affidavits can result in

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 61A Am Jur 2d, Pleading §§ 230, 231.
 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3] 7 Am Jur 2d, Attorneys at Law § 197.
[4] 7 Am Jur 2d, Attorneys at Law § 203.
 Legal malpractice by permitting statutory time limitation to run against client's claim. 90 ALR3d 293.
[5] 22 Am Jur 2d, Damages §§ 15, 272, 273.

reversal. However, the plaintiffs failed to raise this issue on appeal despite objecting in the court below and, therefore, have abandoned this issue on appeal. The Court of Appeals, therefore, will not reverse on the basis of the procedural error.

3. The trial court correctly found that the plaintiffs could not, as a matter of law, prove the existence and extent of their injury. Plaintiffs, therefore, did not meet their burden of proof regarding this element.

4. Plaintiffs had to prove that their claim was in fact barred as a result of defendant's negligence. Here their claim was not lost since they proceeded against their insurance carrier and recovered their loss.

5. The Court of Appeals will not consider the plaintiffs' claim of possible special damages since the plaintiffs did not plead such damages in their complaint.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENTS — COURT RULES.

A summary judgment motion based on facts outside the pleadings filed in the action must be supported by affidavits (GCR 1963, 117.2[3]).

2. JUDGMENTS — SUMMARY JUDGMENTS — COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim or defense, thereby filtering out sham issues which may otherwise result in needless litigation; summary judgment is inappropriate unless it appears that the plaintiff's claim cannot be supported by evidence at trial (GCR 1963, 117.2[3]).

3. ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

In an action against an attorney for negligence or breach of implied contract the plaintiff has the burden of proving: (1) the existence of the attorney-client relationship; (2) the acts allegedly constituting the negligence; (3) that the negligence was the proximate cause of the injury; and (4) the existence and the extent of the injury alleged.

4. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — LIMITATION OF ACTIONS.

An attorney is generally liable to his client for malpractice in connection with permitting a statutory time limit to bar the client's claim; however, the client must prove that the claim was, in fact, barred.

5. Damages — Special Damages — Pleading — Appeal — Court
  Rules.
    Special damages must be specifically pled in the complaint when
    items of special damages are claimed in an action; the Court of
    Appeals will not consider such damages on appeal when they
    were not pled in the complaint (GCR 1963, 112.8).

*Donnelly W. Hadden, P.C.,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &
Pedersen* (by *Michael T. Lynch),* for defendant.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH
and P. R. JOSLYN,* JJ.

M. F. CAVANAGH, J. In this legal malpractice
action, the trial court granted the defendant's
motion for summary judgment under GCR 1963,
117.2(3), on the basis that the plaintiffs could not
factually support their claim regarding the defendant's alleged negligence. Plaintiffs appeal as of
right.

Plaintiffs alleged that the defendant, while serving as their attorney, negligently allowed the statute of limitations to expire with respect to a
certain property damage claim which the plaintiffs
were pursuing against several defendants. That
claim resulted from an accident in which the
plaintiffs' building was damaged when it was
struck by a truck owned by one of the defendants
therein. Plaintiffs eventually retained another attorney and sued the company which owned the
truck, the company's insurance carrier, and the
plaintiffs' insurance carrier. The company's insurance carrier was eventually dismissed, on the
ground that the action against it had been started
beyond the period of limitation. However, the
plaintiffs' insurance carrier remained in the litiga-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion, which eventually resulted in a verdict in favor of the plaintiffs in the amount of $800. The plaintiffs pursued this malpractice action because the company's insurance carrier had been dismissed from the other suit on the basis of the expired period of limitation.

The sole issue on appeal is whether the trial court erred in granting summary judgment in the defendant's favor. Plaintiffs argue that the fact that they obtained a jury verdict in the amount of $800 in an action against their own insurer for the damage to their building does not bar their malpractice action against the defendant, because the plaintiffs' damages in the two suits are different. Defendant counters that, because the plaintiffs prevailed in full on their property damage claim, the plaintiffs have suffered no injury for which the defendant should be held liable.

We first note that the summary judgment in the present case was granted on facts outside the pleadings filed, *i.e.,* the jury verdict in plaintiffs' favor in their action against their insurance carrier, and thus the applicable court rule is GCR 1963, 117.2(3). *Ewing v Alexander,* 93 Mich App 179, 185; 285 NW2d 808 (1979). The court rule requires that such a motion "shall be supported by affidavits", however, there were no supporting affidavits filed in this case. Although this Court has ruled that failure to file the requisite affidavits can result in reversal, *Nabkey v Kent Community Action Program, Inc,* 99 Mich App 480, 483; 298 NW2d 11 (1980), *DeMare Brothers Construction Co, Inc v Teska,* 49 Mich App 642, 646; 212 NW2d 602 (1973), the plaintiffs have failed to raise this issue on appeal despite their objection in the court below. We find that the plaintiffs have abandoned this issue on appeal so we will not reverse the

summary judgment on the basis of procedural error.

The purpose of GCR 1963, 117.2(3) is to test whether any factual support exists for a claim or defense, thereby filtering out sham issues which may otherwise result in needless litigation. Summary judgment is inappropriate unless it appears that plaintiffs' claim cannot be supported by evidence at trial. *Ceplin v Bastian-Blessing Division of Golconda Corp,* 90 Mich App 527, 531; 282 NW2d 380 (1979).

In an action against an attorney for negligence or breach of implied contract, the plaintiff has the burden of proving: (1) the existence of the client-attorney relationship; (2) the acts allegedly constituting the negligence; (3) that the negligence was the proximate cause of the injury; and (4) the existence and the extent of the injury alleged. *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 690; 310 NW2d 26 (1981). In granting summary judgment in favor of the defendant, the trial court held that the plaintiffs could not, as a matter of law, prove the fourth element, the existence and extent of the injury. We agree. Plaintiffs recovered the value of their loss in a jury trial against their own property insurer and that decision was affirmed on appeal by this Court in *Bourke v North River Ins Co,* 117 Mich App 461; — NW2d — (1982). Thus, even though an attorney is generally liable to his or her client for malpractice in connection with permitting a statutory time limit to bar the client's claim, the client must prove that the claim was, in fact, barred. See 90 ALR3d 293, §§ 1, 10[a], pp 295, 323. In this case, even assuming that the defendant's negligence prevented the plaintiffs from proceeding against two possible defendants in connection with the damage to their building,

their claim was not lost because they were able to proceed against a third defendant from whom they recovered their loss.

Plaintiffs also argued that their recovery from their insurance carrier cannot bar their claim against the defendant because, in addition to their property damage loss, they are entitled to recover damages for legal expenses in pursuing an appeal, mental anguish damages, and increased insurance costs caused by the defendant's malpractice. Plaintiffs do not contend on appeal that they suffered such damages, only that the possibility of such damages should allow their suit against the defendant to be continued. When items of special damages are claimed, they must be specifically pled in the complaint. GCR 1963, 112.8. Since plaintiffs did not plead such damages in their complaint, this Court will not consider them on appeal.

Affirmed. Costs to appellee.