HASKINS v ORONOKO TOWNSHIP SUPERVISOR

Docket No. 103908. Submitted May 5, 1988, at Grand Rapids. Decided
July 12, 1988.

Steven Haskins, a prison inmate serving a sentence for a murder
committed in Oronoko Township, brought an action under the
Freedom of Information Act in the Berrien Circuit Court
against Robert Pagel, the Oronoko Township Supervisor. Plain-
tiff sought the release of all police reports regarding his case.
The trial court, Ronald J. Taylor, J., following an in camera
inspection of the requested documents, determined that some of
the documents were exempt from disclosure under provisions of
the FOIA which allow for the exemption of law enforcement
records if disclosure of the records would lead to the identifica-
tion of a confidential informant or the disclosure of confidential
information supplied by such an informant. The trial court also
denied plaintiff's motion for an award of actual costs. Plaintiff
appealed.

The Court of Appeals held:

1. A trial court, when determining whether material is
exempt from disclosure under the FOIA, should do one of the
following: (1) receive from the defendant a particularized justifi-
cation for the claimed exemption; (2) conduct an in camera
hearing based on de novo review to determine whether there
exists a particularized justification for exemption; or (3) allow
plaintiff's counsel to have access to the contested documents in
camera under special agreement. In this case, the trial court
conducted an in camera, de novo review of the documents and
properly concluded that nondisclosure was justified under the
exemptions claimed by defendant.

2. The trial court abused its discretion in not awarding
plaintiff his total actual costs. On remand, the trial court shall
determine and award plaintiff's actual costs, but no award of

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 32 et seq.

Validity, construction, and application of statutory provisions relat-
ing to public access to police records. 82 ALR3d 19.

What are "records" of agency which must be made available under
state freedom of information act. 27 ALR4th 680.

attorney fees shall be made since plaintiff appeared in propria persona.

Affirmed in part and remanded.

M. E. Dodge, J., dissented in part and would hold that the FOIA provides for a discretionary award of costs to a plaintiff who prevails in part, and that in this case the trial court did not abuse its discretion in limiting plaintiff's award.

1. Records — Freedom of Information Act — Exemptions — Judicial Review.

A trial court, when determining whether material is exempt from disclosure under the Freedom of Information Act, should do one of the following: (1) receive from the defendant a particularized justification for the claimed exemption; (2) conduct an in camera hearing based on de novo review to determine whether there exists a particularized justification for exemption; or (3) allow plaintiff's counsel to have access to the contested documents in camera under special agreement.

2. Records — Freedom of Information Act — Law Enforcement Investigations — Exemptions.

A record of a law enforcement investigation may be exempt from disclosure under the Freedom of Information Act where disclosure would lead to the identification of a confidential informant or the disclosure of confidential information supplied by such an informant (MCL 15.243[1][b] and [t]; MSA 4.1801(13)[1][b] and [t]).

Steven Haskins, in propria persona.

*Butzbaugh & Ryan* (by *Randall L. Juergensen*), for defendant.

Before: MacKenzie, P.J., and Shepherd and M. E. Dodge,* JJ.

Per Curiam. Plaintiff appeals as of right from an order determining that certain materials requested of defendant pursuant to the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* (FOIA), were exempt from disclosure. We affirm in part but remand for a determination of an award of costs to plaintiff.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff, an inmate at the State Prison of Southern Michigan, was convicted in 1982 of a first-degree murder which apparently occurred in Oronoko Township. Defendant is the Oronoko Township Supervisor. On August 19, 1986, plaintiff made a written request to defendant, pursuant to the FOIA, for access to any and all police reports regarding the case. Defendant denied the request on the basis of MCL 15.243(1)(b); MSA 4.1801(13)(1)(b) and MCL 15.243(1)(t); MSA 4.1801(13)(1)(t), which provide in relevant part:

(1) A public body may exempt from disclosure as a public record under this act:

*　*　*

(b) Investigating records compiled for law enforcement purposes, but only to the extent that disclosure as a public record would do any of the following:

*　*　*

(iv) Disclose the identity of a confidential source, or if the record is compiled by a criminal law enforcement agency in the course of a criminal investigation, disclose confidential information furnished only by a confidential source.

*　*　*

(t) Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a police or sheriff's agency or department, the release of which would do any of the following:
(i) Identify or provide a means of identifying an informer.

Plaintiff thereafter filed a complaint seeking release of the records, plus costs and damages. Defendant eventually filed a motion for an in camera inspection of the requested documents to determine whether they should be released to

plaintiff. Following an in camera inspection, on September 29, 1987, the court entered an order stating in relevant part:

> 1. The Court determines and orders that the following requested documents are exempt documents pursuant to MCL 15.243 and thus are not subject to disclosure, viz,

| VOLUME | PAGE | REASONS |
|---|---|---|
| 1. Blue with clear cover | 3 pages labeled "MSP Conf Informant report" | MCL 15.243(1)(b)(iv) MCL 15.243(1)(t)(i) |
| 2. Red binder labeled "Statements Lloyd Zech Murder" | none | |
| 3. Red binder labeled: "Suspect profiles" | "Tip sheets"—all Plus all photos and CCH reports | MCL 15.243(1)(b)(iv) MCL 15.243(1)(d) |
| 4. Blue binder labeled: | Pages: 92, 93, 94, 97, 98, 100, 101, 102, 105, 109, 110, 111, 114, 123, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134 | MCL 15.243(1)(b)(iv) MCL 15.243(1)(t)(i) |
| 5. Blue binder labeled: "#2" | 165, 166, 179, 180 181, 182, 183, 195 196, 201, 202 | MCL 15.243(1)(b)(iv) MCL 15.243(1)(t)(i) |

> 2. The Court Orders that Defendant shall forthwith furnish to Plaintiff copies of all requested material other then [sic] those items set forth in Paragraph 1 hereof.
>
> 3. The Court does not find that the refusal of Defendant to disclose the requested information was arbitrary or capricious, hower [sic], in the interest of justice Orders that Defendant shall be responsible for the cost of copying and furnishing to Plaintiff the material required by this Order.

Plaintiff first argues that the court's order should be reversed as contrary to the holding in *The Evening News Ass'n v City of Troy*, 417 Mich 481; 339 NW2d 421 (1983), reh den 418 Mich 1202 (1984). At issue in *Evening News* was a court's order determining that police incident reports

were exempt as "interfer[ing] with law enforcement proceedings," MCL 15.243(1)(b)(i); MSA 4.1801(13)(1)(b)(i), an exemption not considered in this case. The Court in *Evening News* held that the government must show how disclosure of the records would interfere with law enforcement proceedings and reversed because "the trial court failed to find with sufficient particularity that the defendant had specifically justified its claimed exemption". 417 Mich 508. The *Evening News* Court further held that a trial court should follow one of the following steps when determining whether material is exempt from disclosure under the FOIA: (1) receive from the defendant a particularized justification for the claimed exemption; (2) conduct an in camera hearing based on de novo review to determine whether there exists a particularized justification for exemption; or (3) allow plaintiff's counsel to have access to the contested documents in camera under special agreement. 417 Mich 516.

We think that the requirements of *Evening News* were adequately complied with in this case. The court conducted an in camera, de novo review of the documents to determine whether exemption from disclosure was justified, a procedure specifically set forth in *Evening News*. Moreover, on these facts, the court's reasons for ordering certain materials exempt were adequate. This is not a case like *Evening News* (or the federal cases upon which *Evening News* relied) involving an extremely broad exemption such as "interfer[ence] with law enforcement proceedings," which in the public interest demands particularization before nondisclosure will be upheld. Here, the pertinent statutory exemptions are narrowly drawn to focus specifically on information supplied by confidential sources or informants. Plaintiff does not suggest how the defendant or the court could have more

particularly explained its reasons for finding the material in paragraph 1 of the order involved information from such sources without divulging the contents of the information or the sources themselves. Nor can we offer such a suggestion.[1] Accordingly, we find no error.

Plaintiff also contends that the trial court erred in not granting plaintiff his actual costs. MCL 15.240(4); MSA 4.1801(10)(4) provides that if "a person asserting the right to inspect or to receive a copy of a public record . . . prevails in part, the court may in its discretion award . . . costs . . . or an appropriate portion thereof . . . ." In this case, plaintiff prevailed in part since the trial court ordered defendant to produce less than all of the requested materials. Thus, the question is whether the trial court abused its discretion in awarding plaintiff only "the cost of copying and furnishing to plaintiff the material." Compare *Kestenbaum v Michigan State University,* 97 Mich App 5; 294 NW2d 228 (1980), aff'd 414 Mich 510; 327 NW2d 783 (1982).

We conclude that the trial court abused its discretion in failing to award plaintiff his total actual costs. Under MCL 15.234(1); MSA 4.1801(4)(1), defendant was already obligated to furnish the nonexempt documents to plaintiff "without charge for the first $20.00," since plaintiff submitted an affidavit of indigency and sup-

---

[1] Arguably, as pertains to the exemption at subsection (1)(t), under *Evening News* the trial court should have specified why disclosure of the identity of the informant involved in the murder investigation would not be in the public interest. However, plaintiff made no attempt to demonstrate a public benefit in such disclosure which would outweigh the informant's interest in privacy. Compare OAG, 1979 No 5500, p 255 (July 23, 1979), and *Kestenbaum v Michigan State University,* 97 Mich App 5; 294 NW2d 228 (1980), aff'd 414 Mich 510; 327 NW2d 783 (1982) (where an invasion of privacy may occur the person seeking disclosure must show that the benefit to the public interest in releasing the information outweighs the possibility of harm to people involved).

porting documentation certifying that he had $24.15 in funds. Further, it is apparent from the record that plaintiff would not have obtained from defendant the nonexempt documents had he not instituted this action. Under these circumstances, we remand to the trial court for a determination of plaintiff's actual costs. In calculating costs, plaintiff shall not be entitled to attorney fees since he has acted in pro per throughout these proceedings. See *Schinzel v Wilkerson,* 110 Mich App 600; 313 NW2d 167 (1981).

Affirmed in part and remanded.

M. E. DODGE, J. *(dissenting in part).* I respectfully dissent from that portion of the majority opinion which concludes that the trial judge abused his discretion in failing to award plaintiff his actual costs.

MCL 15.248(4); MSA 4.1801(10)(4) provides:

> (4) If a person asserting the right to inspect or to receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person prevails in part, the court may in its discretion award reasonable attorneys' fees, costs, and disbursement or an appropriate portion thereof. The award shall be assessed against the public body liable for damages under subsection (5).

This Court has previously recognized that a plaintiff in an FOIA action must "prevail" in the action to be entitled to a mandatory award of costs and fees; if he or she prevailed "in part," the award is discretionary. *Walloon Lake Water System, Inc v Melrose Twp,* 163 Mich App 726; 415 NW2d 292 (1987).

In view of the fact that this defendant prevailed

"in part" and considering the lack of entitlement to attorney fees for pro per representation, I find no abuse of discretion by the trial judge. On the contrary, I find the trial court's award of "the cost of copying and furnishing to plaintiff the material" to be an appropriate apportionment of costs and disbursements. Therefore, I conclude there has been a proper exercise of discretion thereby eliminating need for a remand under these circumstances.