Terry Staman, appellant, v. Yeager & Yeager, P.A., an unincorporated professional association, et al., appellees.

469 N.W.2d 532

Filed May 17, 1991.   No. 88-713.

Robert G. Pahlke, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, for appellant.

Fredric H. Kauffman and David A. Barron, of Cline, Williams, Wright, Johnson & Oldfather, for appellees.

White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ., and Colwell, D.J., Retired.

White, J.

This is an appeal from the granting of a motion for judgment notwithstanding the verdict in a legal malpractice action. The plaintiff appeals to this court.

An extended recitation of the path this litigation followed is necessary for an understanding of the issues presented to us for decision. The appellant, Terry Staman, a resident of Crawford, Nebraska, began working for the Burlington Northern Railroad in 1980. In 1981, Staman began to experience respiratory problems and, in June 1982, injured an elbow in a fall at work.

In late 1983, the appellees Louis Jungbauer and Yeager & Yeager, P.A. (Yeager), an attorney and his law firm whose members are licensed to practice law in Minnesota but not in Nebraska, through agents (runners), solicited the appellant to retain the firm to represent him in a claim against Burlington. A lawsuit was filed against Burlington by Yeager on January 30,

1985, seeking damages for Staman's respiratory problems arising from a single incident of January 20, 1984.

Subsequently, in the fall of 1985, Yeager was discharged and the firm of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister of Scottsbluff, Nebraska, was retained by appellant. A series of amended petitions were filed. The essential charge in the last petition is the recitation of medical problems as a result of a series of exposures to noxious substances during Staman's employment, instead of the single incident alleged in the original petition. The object of the petition amendments was to raise the issue of a safe workplace and to accurately reflect the effect of exposure to noxious substances on Staman's asthmatic condition.

Burlington's answer raised a statute of limitations defense. A separate trial on that issue was held, resulting in an interlocutory decision that Staman's claim against the railroad accrued in December 1983 and was not barred by the 3-year statute of limitations. Appellant's new counsel considered that the court's decision, although favorable, was questionable, possibly wrong, and difficult to defend on appeal.

Before trial was scheduled to begin, appellant's new counsel negotiated a settlement of $361,000 from Burlington and the petition was dismissed. Thereafter, Staman filed this action against Yeager, alleging a disability arising from his exposure to noxious odors in the course of his employment with Burlington. The petition further urged that Yeager failed to investigate Staman's complaints and that a full nonnegligent investigation would have discovered a series of exposures to harmful substances and would not therefore have averred a single incident in the original petition. To rectify this oversight and disclose the earlier exposures, appellant's new counsel necessarily raised, in the minds of Burlington's counsel, the possibility that the action was barred by the statute of limitations. Staman asserted that the subsequent decision of the trial court holding the action not to be barred did not remove the damage done to the value of the case by settlement.

At trial, the court directed the jury to find Yeager and Jungbauer guilty of legal negligence and to find Burlington was also negligent and the proximate cause of the injuries and

damages to Staman. The jury found the total damages to Staman to be $1,403,000. The previous substantial settlement with Burlington was deducted from the total, and a judgment of $1,044,051.06 was entered for Staman.

A motion for judgment notwithstanding the verdict and, alternatively, a motion for new trial, consisting of some 35 alleged errors during the trial, was filed by the defendants. Fortunately, the court did not pass on the individual errors, but sustained the motion for judgment notwithstanding the verdict. In its order the court, dismissing the petition, observed as follows:

> The court concludes that the law does recognize the existence of a cause of action for negligent impairment of the value of a lawsuit that has been settled. However, in this case, the value of the underlying lawsuit was not impaired even though it was negligently investigated. The negligent investigation was not a proximate cause of any damage to the plaintiff. The plaintiff's underlying claim for damages against the Burlington Northern ("BN") as a result of occupational disease was ultimately pleaded properly in the underlying lawsuit, and the court in that action determined that the underlying claim was not barred by the statute of limitations. This ruling cut off the effect of any attorney negligence so that as a matter of law the plaintiff has no cause of action for legal malpractice. The motion of the defendants for summary judgment should have been sustained.

Although the appellant assigns a number of errors relating to the trial court's volunteered comments concerning the necessity of the granting of a new trial, since the trial court did not grant a new trial, we will consider only the propriety of the action that the trial court did take, i.e, the granting of the motion to overturn the verdict and the subsequent dismissal of the petition.

Assuming, as the trial court directed the jury to find, that Yeager indeed failed to adequately investigate the basis of the claim and thus sloppily pled a cause of action inconsistent with the facts, according to the record before us the negligence was not fatal. We do not have a judicial determination of the statute

of limitations bar; indeed, we have a determination to the contrary. The appellant does not allege in this court that the trial court in the Burlington case was wrong, nor did he so allege in the petition in this case.

We are not called on to review a finding of the bar or nonbar of the statute of limitations. Admittedly, a finding that the statute had run by reason of Yeager's poor pleading would constitute actionable negligence. *Bourke v Warren*, 118 Mich. App. 694, 325 N.W.2d 541 (1982). Were we called on to do so, we would be at a severe loss to justify the court's nonbar finding in view of our opinion released subsequent to the trial court's determination. See *Ward v. City of Alliance*, 227 Neb. 306, 417 N.W.2d 327 (1988).

While we do not agree with the trial court's holding that the interlocutory finding somehow proves fatal to Staman's present cause of action, the trial court's order will be sustained if it reaches the correct result, even if a wrong reason is assigned. See *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990).

We are asked to hold that the psychological impact of a counsel's mistake on opposing counsel justifies a cause of action against one's own attorney, even though it is not established that the mistake indeed affected the viability of the plaintiff's claim. In order for a plaintiff to recover against an attorney in a professional malpractice action, the plaintiff must prove the attorney's employment, the attorney's neglect of a reasonable duty, and that the negligence was the proximate cause of loss to the client. *Stansbery v. Schroeder*, 226 Neb. 492, 412 N.W.2d 447 (1987), citing *Wooddy v. Mudd*, 258 Md. 234, 265 A.2d 458 (1970). An attorney's duty arises when the attorney accepts employment and " ' "impliedly agrees to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake. . . ." ' " *Stansbery, supra* at 496, 412 N.W.2d at 450.

The negligence of counsel must affect the viability of the client's interest and be shown to do so. *Steele v. Smalley*, 141 Me. 355, 44 A.2d 213 (1945); *Bourke v. Warren, supra*. The mere perception by opposing counsel of a possible fatal error

does not complete the causative chain.

The judgment of the trial court is affirmed.

AFFIRMED.