BREDEMEIER v KENTWOOD BOARD OF EDUCATION

Docket No. 43575. Submitted January 3, 1980, at Grand Rapids.— Decided March 4, 1980.

Wally Bredemeier, a member of the Kentwood Board of Education, brought an action against the board alleging noncompliance with his request for information pursuant to the Freedom of Information Act (FOIA) and seeking an order compelling the defendant board to disclose the requested information and also for attorney fees, costs and punitive damages based upon defendant's violation of the act. Plaintiff's request for information had been promptly honored by the board except for one item which was not disclosed, that being the purpose for which certain board meetings were held. No written denial of the request concerning the purpose of the meetings was given to plaintiff. The board had orally informed plaintiff that no record of the purpose of the meetings existed. Kent Circuit Court, John T. Letts, J., denied defendant's motion for summary judgment, ruling that defendant had failed to give plaintiff written notice of its denial of his request for information in violation of FOIA. Plaintiff's motion for summary judgment was granted without explanation. The court also awarded attorney fees, costs and punitive damages to the plaintiff. Defendant appeals. *Held:*

1. The FOIA does not require that information be recorded by a state agency, but if it is, it must be disclosed. There is no requirement that a public body generate records; therefore, plaintiff's argument that defendant violated the act by failing to record the purpose of the meetings in question is without merit.

2. Denial of a request for disclosure of information must be in writing under the FOIA. Defendant violated the act by failing to notify plaintiff of its denial in writing. However, such viola-

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 233 *et seq.*

[2, 3] 66 Am Jur 2d, Records and Recording Laws § 32 *et seq.*

[4, 5] Construction and application of Freedom of Information Act provision (5 USCS § 552 (a)(4)(E)) concerning award of attorney's fees and other litigation costs. 36 ALR Fed 530.

tion does not alone entitle plaintiff to an award of attorney fees and costs. In an action commenced under FOIA the prevailing party is generally awarded fees and costs, but to prevail, a party must show at a minimum that the prosecution of the action could reasonably have been regarded as necessary and that the action had a substantial causative effect on the delivery of information. Plaintiff was orally advised that the requested information was not in record form. As a result of this lack of recordation, the lower court did not order disclosure. Therefore, it cannot be said that the action was necessary in order to compel disclosure nor, there being no disclosure, that the action had the required substantial causative effect.

3. The prerequisites to an award of punitive damages under the FOIA are a court-ordered disclosure and a finding that the defendant acted arbitrarily and capriciously in refusing to provide the requested information. The court did not order disclosure. Therefore, the award of punitive damages to the plaintiff must fail.

Reversed and remanded.

1. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — DISCLOSURE — CONSTRUCTION — STATUTES.

The close similarity between the Federal Freedom of Information Act (FOIA) and Michigan's Freedom of Information Act makes construction of the FOIA by Federal courts persuasive in construction of Michigan's disclosure requirements under its FOIA statutes (MCL 15.231[1] *et seq.;* MSA 4.1801[1] *et seq.*).

2. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — RECORDED INFORMATION — DISCLOSURE.

The Freedom of Information Act does not require that information be recorded by a public body, but if it is, it must be disclosed.

3. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — INFORMATION DENIED — NOTICE REQUIREMENTS — STATUTES.

A public body's failure to notify, in writing, a party requesting information that the request for disclosure of information has been denied, violates the Freedom of Information Act (MCL 15.235[2]; MSA 4.1801[5][2]).

4. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — ATTORNEY FEES — PREVAILING PARTY — NECESSITY OF INFORMATION — STATUTES.

Reasonable attorney fees, costs, and disbursements are generally awarded to the prevailing party in an action commenced pursu-

ant to the Freedom of Information Act; however, to prevail, a party must show at a minimum that the prosecution of the action could reasonably have been regarded as necessary and that the action had a substantial causative effect on the delivery of information (MCL 15.240[4]; MSA 4.1801[10][4]).

5. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — ARBITRARY REFUSAL — COMPENSATORY AND PUNITIVE DAMAGES — STATUTES.

The prerequisites to an award of punitive damages in an action brought pursuant to the Freedom of Information Act are a court-ordered disclosure and a finding that the defendant acted arbitrarily and capriciously in refusing to provide the requested information (MCL 15.235[3], 15.240[5]; MSA 4.1801[5][3], 4.1801[10][5]).

*George Weible,* for plaintiff.

*Thrun, Maatsch & Nordberg* (by *Harry J. Zeliff*), for defendant.

Before: D. F. WALSH, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

J. H. GILLIS, J. This is an action brought pursuant to the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.*

On May 31, 1978, plaintiff, a member of the defendant board of education, filed a complaint alleging defendant's noncompliance with a request for information filed pursuant to the FOIA. On February 13, 1978, plaintiff orally requested from the defendant a "breakdown of items included in a Master Charge statement". The items related to expenses incurred by the defendant in connection with certain meetings. The information sought included the dates of the charges, the names of the participants, the locations of the meetings, whether the meetings were luncheons or dinners, the amount of expenses incurred at each meeting

and the purpose of the meetings. All of the information was promptly disclosed as requested except for the purpose of the meetings.

No written denial of the request concerning the purpose of the meetings was given to the plaintiff. The defendant, however, orally informed the plaintiff that no record of the purpose of the meetings existed.

Plaintiff thereafter commenced the present action seeking an order compelling the defendant to disclose the requested information and further seeking reasonable attorney fees, costs and punitive damages for defendant's violation of the act.

On June 13, 1978, defendant moved for summary judgment pursuant to GCR 1963, 117.2(1). The motion was denied, the lower court ruling that defendant had failed to give plaintiff the written notice of its denial of the request for the undisclosed information in violation of MCL 15.235(2)(b); MSA 4.1801(5)(2)(b). On November 17, 1978, defendant's renewed motion for summary judgment was denied without a stated reason. The lower court, however, did state that the questions presented would need to be determined by a higher court. The court indicated that it would certify a controlling question of law for appeal purposes upon its submission by the parties.

During this time, plaintiff had also filed a motion for summary judgment pursuant to GCR 1963, 117.2(2) and (3). On November 22, 1978, the lower court granted the motion without explanation.[1] On January 24, 1979, the lower court entered an order of summary judgment in favor of plaintiff. The order awarded to plaintiff attorney fees, costs and

---

[1] We are unable to discern why the lower court heard and granted plaintiff's motion for summary judgment subsequent to its ruling of November 17, 1978.

punitive damages. The defendant appeals from that order as of right pursuant to GCR 1963, 806.1.

We begin our analysis by addressing a point not decided by the lower court. At trial and on appeal, plaintiff argues that the defendant was required, under the FOIA, to record the sought-after information. We hold that the argument is without merit.

Due to the similarities between the Federal Freedom of Information Act, 5 USCA 552, and the Michigan Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* the precursor to the Michigan Freedom of Information Act, this Court has looked to the Federal act for guidance in construction of the former act. *Citizens for Better Care v Dep't of Public Health,* 51 Mich App 454, 463; 215 NW2d 576 (1974), *lv den* 392 Mich 758 (1974). For the same reason, we deem the Federal decisions persuasive in the construction of the current act.

The Federal FOIA only gives a right to access to records in existence. It does not confer a right to have the public body generate records. *National Labor Relations Board v Sears, Roebuck & Co,* 421 US 132; 95 S Ct 1504; 44 L Ed 2d 29 (1975), *Forsham v Califano,* 190 US App DC 231; 587 F2d 1128 (1978), *cert gtd,* 441 US 942; 99 S Ct 2159; 60 L Ed 2d 1044 (1979). Relying on these decisions, we hold that the Michigan FOIA does not require that information be recorded, only that if recorded, it must be disclosed.[2] Accordingly, defendant's failure to record the purpose of the meetings in question does not constitute a violation of the act.

We next address the question of whether the lower court erred in awarding plaintiff attorney

---

[2] That is, assuming the information does not fall within one of the exempt categories listed in MCL 15.243; MSA 4.1801(13).

fees and costs. It is undisputed that defendant's failure to notify plaintiff in writing of its denial of his request for disclosure of records concerning the purpose of the meetings constitutes a violation of MCL 15.235(2); MSA 4.1801(5)(2). Such violation, however, does not alone entitle plaintiff to an award of attorney fees and costs.

MCL 15.240(4); MSA 4.1801(10)(4) provides in relevant part:

"If a person asserting the right to inspect or to receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person prevails in part, the court may in its discretion award reasonable attorneys' fees, costs, and disbursements or an appropriate portion thereof."

To support a determination that a plaintiff in a FOIA action "prevailed" he must show at a minimum that the prosecution of the action could reasonably have been regarded as necessary and that the action had a substantial causative effect on the delivery of information. *Vermont Low Income Advocacy Council, Inc v Usery,* 546 F2d 509, 514 (CA 2, 1976), *Cox v United States Dep't of Justice,* 195 US App DC 189; 601 F2d 1, 6 (1979).

In the present case, plaintiff was orally advised that the requested information was not in recorded form. As a result of this lack of recordation, the lower court did not order disclosure. Therefore, it cannot be said that the action was necessary in order to compel disclosure nor, there being no disclosure, that the action had the required substantial causative effect. Accordingly, plaintiff was not entitled to an award of attorney fees and costs.

The last issue presented relates to the propriety

of the award of punitive damages. MCL 15.235(3); MSA 4.1801(5)(3) provides:

"If a circuit court, upon an action commenced pursuant to section 10, finds that a public body has failed to respond as provided in subsection (2), and if the court orders the public body to disclose or provide copies of the public record or a portion thereof, then the circuit court shall assess damages against the public body as provided in section 10(5)."

The latter section provides:

"In an action commenced pursuant to this section, if the circuit court finds that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall, in addition to any actual or compensatory damages, award punitive damages in the amount of $500.00 to the person seeking the right to inspect or receive a copy of a public record." MCL 15.240(5); MSA 4.1801(10)(5).

The prerequisites to an award of punitive damages are, thus, a court-ordered disclosure and a finding that the defendant acted arbitrarily and capriciously in refusing to provide the requested information. The award of punitive damages in the present case must necessarily fail as the result of the failure to satisfy the first requirement to such an award. The lack of a court-ordered disclosure precludes the award of punitive damages.

Thus, though it is undisputed that defendant's failure to provide the plaintiff with written notice of the denial of his request constitutes a violation of the act, this violation alone does not entitle the plaintiff to attorney fees, costs or punitive damages. Accordingly, the lower court's grant of summary judgment awarding same must be reversed.

Reversed and remanded for proceedings consistent with this opinion.