JORDAN v MARTIMUCCI

Docket No. 44937. Submitted April 2, 1980, at Lansing.—Decided October 1, 1980.

Ronald L. Jordan, an inmate of Jackson Prison, requested inspection of his prison file on May 6, 1977. He subsequently brought an action under the Freedom of Information Act against Michael Martimucci, the prison office manager. The trial court dismissed the action, because of improper service, on July 25, 1978. In the interim the file was made available to Jordan and he reviewed it on August 18, 1977. In September of 1978 Jordan obtained personal service upon prison officials. Jordan moved for a summary judgment compelling disclosure and awarding him statutory punitive damages for the delay in disclosure. The Jackson Circuit Court, Charles J. Falahee, J., awarded summary judgment in favor of the defendant, holding that the claim for disclosure had been rendered moot because Jordan had already reviewed his file and that Jordan was not entitled to the punitive damage. Jordan appeals from the denial of damages. *Held:*

The statutory grant of punitive damages authorized by the Freedom of Information Act for noncompliance with a request for information requires that a plaintiff show that he obtained the information as a result of a court-ordered disclosure and that the defendant arbitrarily and capriciously failed to comply with the request in a timely manner. In this case the court had not ordered disclosure as the file was made available a full year prior to the proper service of process.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — DELAY IN DISCLOSURE — PUNITIVE DAMAGES — STATUTES.

A plaintiff who has brought an action under the Freedom of Information Act for punitive damages for delay in disclosure of requested information must demonstrate that he has reviewed the requested information as a result of a court-ordered disclosure and that the defendant acted arbitrarily and capriciously

REFERENCE FOR POINTS IN HEADNOTE
[1] 66 Am Jur 2d, Records and Recording Laws §§ 32, 43, 44.

in failing to comply with the disclosure request in a timely manner (MCL 15.240[5]; MSA 4.1801[10][5]).

Ronald L. Jordan, *in propria persona.*

*Frank J. Kelley,* Attorney General, and *Mark I. Leach,* Assistant Attorney General, for defendant.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,\* JJ.

PER CURIAM. Plaintiff filed suit against defendant under the Michigan Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* praying for $500 in punitive damages due to defendant's allegedly arbitrary and capricious delay in disclosing requested information. Plaintiff appeals from the trial court's grant of summary judgment in favor of defendant based upon the absence of a genuine issue of material fact, GCR 1963, 117.2(3).

MCL 15.235(2); MSA 4.1801(5)(2) provides for a maximum of 15 days to respond to a request for disclosure made pursuant to the Freedom of Information Act. MCL 15.240(5); MSA 4.1801(10)(5) directs the circuit court to award punitive damages in the amount of $500 to the person asserting the right to inspect or receive a copy of a public record upon finding that the public body has arbitrarily and capriciously violated the act by refusal or delay in meeting the request.

In the present case it is undisputed that there was an eight-week delay in complying with plaintiff's written request of May 6, 1977, to inspect and examine his file maintained at Jackson Prison. Plaintiff's complaint was served upon defendant by certified mail on June 22, 1977. The trial court dismissed plaintiff's claim due to improper service

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

on July 25, 1978. In the interim plaintiff reviewed his file August 18, 1977. It was not until September 11, 1978, that plaintiff obtained personal service of his complaint upon defendant.

Subsequently defendant requested summary judgment in his favor except as to the issue of damages. Plaintiff likewise moved for summary judgment praying for compelled disclosure and punitive damages. The trial court entered an order granting summary judgment in favor of defendant with respect to the issue of disclosure, rendered moot by plaintiff's earlier review of his file, and the claim for punitive damages.

The single issue on appeal is the propriety of the trial court's grant of summary judgment in favor of defendant denying plaintiff's claim of punitive damages. Defendant maintains that the eight-week delay was due to the fact that Jackson Prison had not fully implemented its procedures for processing requests under the Freedom of Information Act, which had been in effect for a very brief period prior to plaintiff's disclosure demand. Plaintiff submits that the Michigan Department of Corrections had promulgated processing procedures prior to the effective date of the act and thus was equipped to respond promptly.

In order for plaintiff to prevail in this action for punitive damages he must demonstrate that the review of his file was the result of a court ordered disclosure and that defendant acted arbitrarily and capriciously in failing timely to comply with the disclosure request. *Bredemeier v Kentwood Board of Education,* 95 Mich App 767; 291 NW2d 199 (1980), and cases cited therein. Plaintiff has failed to satisfy the initial prerequisite of court ordered disclosure. Prior to personal service of the complaint upon defendant, Warden Anderson of

Jackson Prison received a letter from Assistant Attorney General William Molner requesting that arrangements be made for plaintiff to inspect his institutional file. The letter explained that the absence of a record of the disclosure request was apparently due to the fact that it was made prior to full implementation of processing procedures for such requests. Ten days later and a full year prior to service of process, the file was made available for review.

Because summary judgment was appropriately granted on the above ground we need not address the trial court's finding with respect to the existence of a genuine issue of material fact.

Affirmed.