683 N.W.2d 745 (2004)
262 Mich.App. 136
The LOCAL AREA WATCH, Plaintiff-Appellant,
v.
CITY OF GRAND RAPIDS, Grand Rapids City Commission, and Grand Rapids Historic Preservation Commission, Defendants-Appellees.
Docket No. 243849.
Court of Appeals of Michigan.
Submitted February 4, 2004, at Grand Rapids.
Decided May 20, 2004, at 9:05 a.m.
Released for Publication July 21, 2004.
*747 Peter W. Steketee, Grand Rapids, for the plaintiff.
Daniel A. Ophoff and Catherine M. Mish, Grand Rapids, for the defendants.
Before: MURRAY, P.J., and MURPHY and MARKEY, JJ.
MARKEY, J.
Plaintiff brought this action under Michigan's Freedom of Information Act (FOIA), M.C.L. § 15.231 et seq., and appeals by right the trial court's order granting summary disposition to defendants. Plaintiff, a nonprofit corporation, brought suit against defendants seeking an order requiring defendants to produce certain public records not exempt under the FOIA, reasonable attorney fees, and punitive damages. Plaintiff moved for summary disposition, but the trial court ruled in favor of defendants, entirely dismissing plaintiff's claim. We affirm.

I. Summary of Facts and Proceedings
Plaintiff is a Michigan nonprofit corporation. William Q. Tingley is plaintiff's executive director and the secretary and general manager of Proto-Cam, Inc. (Proto-Cam),[1] a tool manufacturer that owns and operates a manufacturing facility at 1009 Ottawa Avenue, N.W. in Grand Rapids. The Proto-Cam facility is located across an alley from an old furniture plant on North Monroe Avenue (the B & G Building) that has been recently redeveloped into commercial offices and residential living space. Tingley believes that the developers of the B & G Building removed soil from beneath the building and disposed of it in other locations, including the Grand Rapids Water Filtration Plant. Tingley suspected the soil contained a high level of industrial waste. Tingley believes that such activity violated § 20120c of the Michigan Natural Resources and Environmental Protection Act, M.C.L. § 324.20120c, and that defendant city of Grand Rapids may have accommodated this activity and helped to conceal it.
Tingley, in his capacity as the executive director of plaintiff, wrote to the mayor of the city of Grand Rapids, requesting under the FOIA all public records in defendant's possession regarding both the B & G Building and the water filtration plant in connection with their redevelopment by certain developers. Plaintiff also made sixty-five additional requests that included, inter alia, requests for the minutes of the city commission meetings of the committee of the whole and the minutes from all its executive sessions.[2]
The City's FOIA coordinator responded by letter dated July 18, 2001, denying in part and granting in part plaintiff's request. Specifically, defendants denied plaintiff's request for executive session minutes, citing M.C.L. § 15.243(1)(d) (exempting from disclosure records or information specifically exempted from disclosure by statute).
Plaintiff appealed defendants' denial to the head of the public body, the Grand Rapids city manager. Plaintiff argued, in part, that the purposes for the executive sessions were other than those allowed under the Open Meetings Act (OMA), M.C.L. § 15.261 et seq., and therefore, the exemption cited by the FOIA coordinator *748 did not apply. The city manager, in a letter dated August 27, 2001, denied plaintiff's appeal without explanation.
On January 7, 2002, plaintiff filed this lawsuit in circuit court, solely alleging a violation of the FOIA and seeking a determination regarding what requested records are exempt under FOIA (through inspection in camera by the court), and an order that nonexempt records be released to plaintiff, together with costs, reasonable attorney fees, and punitive damages, all pursuant to § 10 of the FOIA, M.C.L. § 15.240. Plaintiff alleged that the executive session meetings were prohibited by the OMA; therefore, the minutes should not be protected under the FOIA. Plaintiff requested that the trial court review these minutes in camera to determine whether the defendants complied with the OMA. Plaintiff did not plead a separate claim under the OMA.
On January 30, 2002, plaintiff served its first interrogatories and first request for production of documents on defendants. On March 12, 2002, defendants' counsel asked for a one-week extension of time in which to answer the interrogatories, and plaintiff's counsel agreed. On March 25, 2002, defendants' counsel asked for another extension, to March 29, 2002. On April 4, defendants' counsel indicated that he had been sick and that is why the interrogatories had not been answered. Plaintiff did not agree to any further extensions of time.
Finally, on May 8, 2002, plaintiff's counsel received a response to plaintiff's interrogatories and request for production of documents. In the response, it was revealed that the requested executive session minutes from the dates of November 21, 2000, through April 17, 2001, were probably destroyed pursuant to § 7(2) of the OMA, M.C.L. § 15.267(2), which provides that minutes from closed sessions "may be destroyed 1 year and 1 day after approval of the minutes of the regular meeting at which the closed session was approved."[3] Plaintiff's counsel sent defendants' counsel a letter on May 10, 2002, requesting, inter alia, that defendant assure plaintiff that any remaining executive session minutes from the dates involved in the request would not be destroyed while this litigation was pending. On the same day, defendants' counsel replied to this request with a letter affirming that because defendants are authorized by statute to destroy executive session minutes, he would refuse plaintiff's request unless ordered by a court to do so.
On May 19, 2002, plaintiff filed a motion for a preliminary injunction to prevent the destruction of documents by the defendants while this case was pending. After the motion hearing on June 7, 2002, the trial court found that defendants would suffer no harm if an injunction were issued; therefore, the court issued an order enjoining defendants from destroying any executive session minutes coming within the descriptions contained in plaintiff's original FOIA request.
On June 6, 2002, defendants filed their response to plaintiff's first interrogatories and request for production of documents. Defendants stated that plaintiff's original FOIA request had been recirculated and that all the requested records were available for inspection. Plaintiff discovered that several documents were being released pursuant to the discovery request that it had not received pursuant to its original FOIA request, in violation of the *749 FOIA. In addition, following the June 7, 2002, hearing, defendants' counsel for the first time produced for plaintiff's counsel several police reports.
On July 1, 2002, plaintiff moved for summary disposition and sanctions against defendants for failure to provide or permit discovery. Specifically, plaintiff argued that it was entitled to summary disposition under MCR 2.116(C)(9) and (10). To find that there was no genuine issue of material fact, plaintiff asked the trial court to draw inferences from defendants' failure to provide or permit discovery as provided by MCR 2.313(B)(2). The trial court heard plaintiff's motion on August 16, 2002. The trial court held that executive session minutes enjoy an absolute exemption from disclosure under the FOIA; consequently, they were not discoverable. By implication, therefore, the trial court rejected plaintiff's argument that under the FOIA alone, the court could review defendants' actions to ensure compliance with the OMA. Because that was the only issue left in the case, the trial court dismissed plaintiff's entire action and set aside the preliminary injunction.

II. Standard of Review
We review de novo the trial court's decision to grant or deny summary disposition. MacDonald v. PKT, Inc., 464 Mich. 322, 332, 628 N.W.2d 33 (2001). "The trial court properly grants summary disposition to the opposing party under MCR 2.116(I)(2) if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." Washburn v. Michailoff, 240 Mich.App. 669, 672, 613 N.W.2d 405 (2000). This Court also reviews questions of statutory interpretation de novo. Roberts v. Mecosta Co. Gen. Hosp., 466 Mich. 57, 62, 642 N.W.2d 663 (2002). "Whether a public record is exempt from disclosure under the FOIA is a mixed question of fact and law, and we review the trial court's factual findings for clear error and review questions of law de novo." Detroit Free Press, Inc v. City of Warren, 250 Mich.App. 164, 166, 645 N.W.2d 71 (2002). We review any discretionary decisions made by the trial court for clear abuse. Federated Publications, Inc. v. City of Lansing, 467 Mich. 98, 106, 649 N.W.2d 383 (2002).

III. Analysis

A
We conclude that the trial court did not err by dismissing plaintiff's complaint because the relief that plaintiff sought, judicial review of a public body's decision to hold a closed session, is available only through a civil action filed under § 10, 11, or 13 of the OMA. Plaintiff's action stated a claim exclusively under § 10(1)(b) of the FOIA, M.C.L. § 15.240(1)(b), seeking disclosure of the executive session minutes and alleging that defendants' claimed exemption violated the FOIA. We hold that where relief is sought only under the FOIA, judicial review is not available to determine whether a public body had the authority under the OMA to go into closed session[4] and thereby exempt minutes of that meeting from disclosure under the FOIA. See Titus v. Shelby Charter Twp., 226 Mich.App. 611, 574 N.W.2d 391 (1997). We distinguish Manning v. East Tawas, 234 Mich.App. 244, 593 N.W.2d 649 (1999), in which this Court upheld the trial court's order to disclose redacted closed session minutes after review in camera because the plaintiff in Manning brought claims under both the OMA and the FOIA. Here, plaintiff's failure to bring an OMA claim is fatal to its entire case.
The FOIA exemption at issue provides:

*750 (1) A public body may exempt from disclosure as a public record under this act any of the following:
* * *
(d) Records or information specifically described and exempted from disclosure by statute. [M.C.L. § 15.243(1)(d).]
Section 7(2) of the OMA, regarding closed session minutes, provides:
A separate set of minutes shall be taken by the clerk or the designated secretary of the public body at the closed session. These minutes shall be retained by the clerk of the public body, are not available to the public, and shall only be disclosed if required by a civil action filed under section 10, 11, or 13. These minutes may be destroyed 1 year and 1 day after approval of the minutes of the regular meeting at which the closed session was approved. [M.C.L. § 15.267(2) (emphasis added).]
Defendants argue that on the basis of this statutory scheme, an absolute exemption exists under the FOIA for materials exempt from disclosure to the public by other statutes, including the OMA provision exempting the minutes from closed meetings from public disclosure. Though this exemption in itself is not absolute, the only exception is where disclosure is required by a civil action filed under § 10, 11, or 13 of the OMA. Defendants argue that because plaintiff did not file a civil action under § 10, 11, or 13 of the OMA, the documents remain exempt under the OMA, and the trial court properly dismissed plaintiff's FOIA claim.
The foundation of plaintiff's argument is that it has a right to the minutes because the OMA did not authorize defendants' closed sessions on the particular occasions referenced; therefore, they violated the statute. Plaintiff argues that because of this violation, the minutes of those meetings would no longer enjoy exemption from public disclosure under the OMA. The parties agree on the proposition that if defendants violated the OMA by meeting in closed session where no authority existed to do so, any minutes taken would no longer be exempt from disclosure. What the parties disagree on is how that issue is properly placed before a court for judicial review. Defendants argue that § 10, 11, or 13 of the OMA provides the exclusive remedy for a plaintiff seeking to challenge the authority of a public body to meet in closed session. Plaintiff argues that this issue can be reached through a claim under the FOIA alone where the trial court can conduct a review in camera to determine whether the minutes are exempt from disclosure under the acts.
The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature; the rules of statutory construction merely serve as guides to assist in determining that intent with a greater degree of certainty. Gladych v. New Family Homes, Inc., 468 Mich. 594, 597, 664 N.W.2d 705 (2003). The fundamental principle applicable here is that a clear and unambiguous statute leaves no room for judicial construction or interpretation. Id.; Herald Co. v. Bay City, 463 Mich. 111, 117-118, 614 N.W.2d 873 (2000). "`When a legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself and there is no need for judicial construction; the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case.'" People v. McIntire, 461 Mich. 147, 153, 599 N.W.2d 102 (1999), quoting People v. McIntire, 232 Mich.App. 71, 119, 591 N.W.2d 231 (1998) (Young, P.J., concurring in part and dissenting in part) (emphasis in the original).
We conclude that the pertinent statutory language in question here is *751 clear and unambiguous. Accordingly, we must apply the statutes as written. McIntire, supra at 153, 599 N.W.2d 102; Turner v. Auto Club Ins. Ass'n, 448 Mich. 22, 27, 528 N.W.2d 681 (1995). The only viable way to interpret the pertinent statutory language is (1) minutes of closed sessions are exempt from disclosure to the public under the OMA unless a civil suit filed under the OMA itself results in a judgment requiring disclosure, and (2) under the FOIA a public body does not have to disclose records protected from disclosure to the public by other statutes. Therefore, plaintiff's proposed reading of the statute to require disclosure of the minutes though no claim has been brought under the OMA cannot be supported by the language of the statute itself and would require judicial construction to achieve. But this Court is precluded from engaging in statutory construction because the very nature of its judicial role requires the Court to respect the constitutional role of the Legislature as the policy making branch of government and to refrain from encroaching on that branch's constitutional responsibility. Herald Co, supra at 117, 614 N.W.2d 873; McIntire, supra at 153, 599 N.W.2d 102.
By the clear statutory language, at no time did defendants violate the FOIA by failing to release the minutes of its closed (executive) sessions. M.C.L. § 15.243(1)(d); M.C.L. § 15.267(2); Titus, supra at 615, 617, 574 N.W.2d 391. To the contrary, defendants are strictly forbidden from releasing such minutes unless required by a judgment in a civil action filed under § 10, 11, or 13 of the OMA. Here, it is clear no such civil action was ever filed, and no order compelling disclosure was ever issued. In sum, defendants did not violate the FOIA. Plaintiff's lawsuit was brought exclusively under the FOIA and failed to state a cognizable claim under the OMA for review of defendants' decision to hold closed sessions. Accordingly, the trial court did not err by dismissing plaintiff's complaint.

B
Plaintiff also argues on appeal that the trial court abused its discretion in failing to impose sanctions on defendants for delays in answering interrogatories, producing requested documents, and their willful destruction of the closed session minutes after litigation had begun and discovery requests were made. We disagree.
Whether to impose discovery sanctions is entrusted to the discretion of the trial court. Richardson v. Ryder Truck Rental, Inc., 213 Mich.App. 447, 450, 540 N.W.2d 696 (1995). An abuse of discretion involves far more than a difference in judicial opinion and occurs only when the result is "'"so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."'" Alken-Ziegler, Inc. v. Waterbury Headers Corp., 461 Mich. 219, 227, 600 N.W.2d 638 (1999), quoting Marrs v. Bd. of Medicine, 422 Mich. 688, 694, 375 N.W.2d 321 (1985), quoting Spalding v. Spalding, 355 Mich. 382, 384-385, 94 N.W.2d 810 (1959).
Plaintiff moved for sanctions for failure to provide or permit discovery under MCR 2.313(D) at the same time it brought its motion for summary disposition. Plaintiff alleged that defendants violated the discovery rules by failing to respond to interrogatories, failing to produce requested documents, and destroying evidence.
MCR 2.313(D) provides that upon motion a court may order such sanctions as are just if a party fails to serve answers to interrogatories or fails to respond to a request for inspection of documents. Under this section, a court is expressly authorized to impose sanctions provided in *752 MCR 2.313(B)(2)(a), (b) and (c), which include ordering that facts involved in the discovery request be considered established, prohibiting a party from pleading certain defenses, and rendering a default judgment against the disobedient party. With regard to the allegation that defendants violated the law in destroying the closed session minutes, plaintiff does not claim defendants violated a court rule or statute. Instead, plaintiff asserts that a trial court has the inherent authority to sanction a party for failing to preserve evidence that it knows or should know is relevant to pending litigation, citing MASB-SEG Property/Casualty Pool, Inc. v. Metalux, 231 Mich.App. 393, 400, 586 N.W.2d 549 (1998).
At the hearing on plaintiff's motions for sanctions (and summary disposition), the arguments of both the parties and the court's findings focused on the destruction of the closed session minutes as the basis for sanctions, and not on the failure to timely answer interrogatories. The trial court found that defendants did not violate any court order or other rule when destroying the executive session minutes, and that plaintiff, which should be presumed to be aware that the statute authorizes defendants to destroy closed session minutes after one year and a day, could have sought a preliminary injunction to prevent the destruction of the minutes when the lawsuit was filed in January 2002. The trial court further found that defendants reasonably complied with all other discovery requests.
Even assuming that the trial court had the authority to sanction defendants' lawful actions, our review is still limited to whether the trial court abused its discretion in failing to do so. In support of its argument that the trial court abused its discretion, plaintiff argues that the court employed the wrong legal framework. Specifically, although it argues that the court read M.C.L. § 15.267(2) (authorizing a public body to destroy closed session minutes after a year and a day) to mandate destruction of minutes, nothing in the court's findings supports this conclusion. Instead, the court simply refused to impose sanctions. In any event, because the executive session minutes were exempt from disclosure, their destruction provides no basis for the imposition of sanctions. Because plaintiff otherwise fails to show how the trial court abused its discretion by not imposing sanctions for discovery abuses, plaintiff's argument fails.

C
Plaintiff also argues that the trial court erred by not awarding attorney fees pursuant to § 10(6) of the FOIA, M.C.L. § 15.240(6), because plaintiff's lawsuit caused the public body to release documents. We disagree.
Regarding attorneys fees, M.C.L. § 15.240(6) provides:
If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements.
The first criterion for an award of attorney fees in litigation under the FOIA is that a party "prevails" in its assertion of the right to inspect, copy, or receive a copy of all or a portion of a public record. Schinzel v. Wilkerson, 110 Mich.App. 600, 602, 313 N.W.2d 167 (1981). The test is whether: "(1) the action was reasonably necessary to compel the disclosure; and (2) the action had the substantial causative effect on the delivery of the information to *753 the plaintiff." Id., citing Bredemeier v. Kentwood Bd. of Ed., 95 Mich.App. 767, 772, 291 N.W.2d 199 (1980). See also Meredith Corp. v. City of Flint, 256 Mich.App. 703, 713, 671 N.W.2d 101 (2003), and Scharret v. City of Berkley, 249 Mich.App. 405, 414, 642 N.W.2d 685 (2002). Here, in response to plaintiff's discovery request, defendants disclosed some additional documents that were not disclosed in response to plaintiff's original FOIA request. Defendants argued that they acted in good faith, but that the size, complexity, and vagueness of plaintiff's FOIA request made it difficult to timely locate each and every requested document. But defendants' failure to timely respond to plaintiff's request still constitutes a denial and violation of the act. M.C.L. § 15.235(2); Scharret, supra at 412, 642 N.W.2d 685. Moreover, whether defendants' actions were reasonable is no defense when determining whether a prevailing party must be awarded attorney fees under § 10(6). Meredith, supra at 716, 671 N.W.2d 101. Finally, the disclosure of the records after plaintiff commenced the circuit court action rendering the FOIA claim moot as to the late-disclosed items does not void plaintiff's entitlement to fees and costs under § 10(6). Thomas v. New Baltimore, 254 Mich.App. 196, 202, 657 N.W.2d 530 (2002). We conclude, therefore, that for purposes of § 10(6) of the FOIA, plaintiff has prevailed in part because plaintiff's FOIA action was reasonably necessary to and substantially caused defendants to produce the late-disclosed items.
Although plaintiff prevailed in part in its FOIA claim, attorney fees and costs must be awarded under the first sentence of MCL 15.240(6) only when a party prevails completely. Michigan Tax Mgt. Services Co. v. City of Warren, 437 Mich. 506, 509, 473 N.W.2d 263 (1991), citing Int'l Union, United Plant Guard Workers of America v. Dep't of State Police, 422 Mich. 432, 455, 458, 472, 373 N.W.2d 713 (1985), mod. 423 Mich. 1205 (1985). Our Supreme Court noted that the plaintiff in Int'l Union arguably did not prevail completely because its use of the disclosed information was restricted. But although the union's "victory may not be total, it is still a very substantial one, and UPGWA has obtained everything it initially sought." Int'l Union, supra at 455, 373 N.W.2d 713. Accordingly, the Court held that the union was entitled to reasonable attorney fees and costs. Id. Here, plaintiff did not prevail on its central claim of access to executive (closed) session minutes. Applying the plain text of the second sentence of § 10(6), we conclude that whether to award plaintiff reasonable attorney fees, costs, and disbursements when a party only partially prevails under the FOIA is entrusted to the sound discretion of the trial court. Manning, supra at 253, 593 N.W.2d 649; Tallman v. Cheboygan Area Schools, 183 Mich.App. 123, 131, 454 N.W.2d 171 (1990). In this case, the trial court did not clearly err in finding that defendants acted reasonably. Moreover, considering the few documents that defendant disclosed late, we find no abuse of discretion by the trial court in denying plaintiff's request for reasonable attorney fees, costs and disbursements.

D
Last, plaintiff argues that because defendants acted arbitrarily and capriciously in refusing to disclose documents, plaintiff is entitled to punitive damages under M.C.L. § 15.240(7). We again find plaintiff's argument lacking in merit.
The FOIA addresses damages in two places. Section 5(3) provides:
Failure to respond to a request pursuant to subsection (2) constitutes a public body's final determination to deny the request. In a circuit court action to compel a public body's disclosure of a *754 public record under section 10, the circuit court shall assess damages against the public body pursuant to section 10(8)[sic] if the circuit court has done both of the following:
(a) Determined that the public body has not complied with subsection (2).
(b) Ordered the public body to disclose or provide copies of all or a portion of the public record. [M.C.L. § 15.235(3).]
Section 10(8) does not exist, but it obviously refers to § 10(7),[5] which provides:
If the circuit court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $500.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function. [M.C.L. § 15.240(7).]
Since 1980 when this Court decided Bredemeier, supra, this Court has construed together the two FOIA subsections addressing damages. The Bredemeier Court applied § 10(5), which is substantively identical to the current § 10(7), except that the prohibition against assessing damages against individuals found in the last sentence was added by 1996 PA 553. In Bredemeier, supra at 773, 291 N.W.2d 199, this Court opined:
The prerequisites to an award of punitive damages are, thus, a court-ordered disclosure and a finding that the defendant acted arbitrarily and capriciously in refusing to provide the requested information. The award of punitive damages in the present case must necessarily fail as the result of the failure to satisfy the first requirement to such an award. The lack of a court-ordered disclosure precludes the award of punitive damages.
This Court followed Bredemeier in Michigan Council of Trout Unlimited v. Dep't of Military Affairs, 213 Mich.App. 203, 221, 539 N.W.2d 745 (1995), construing the FOIA before its 1996 amendments and again holding that although "§ 10(5) only requires a finding of arbitrary and capricious refusal to abide by the MFOIA, when it is read in conjunction with § 5(3), it is clear that damages may be assessed only if the court orders disclosure of a public record." We conclude that because the operative substantive provisions of § 5(3) and § 10(7) remain unaffected by the 1996 amendments, the holding and reasoning of Trout Unlimited also remains unaffected. Consequently, because Trout Unlimited was decided after November 1, 1990, and because the 1996 amendments did not abrogate its holding, it is binding precedent under MCR 7.215(J)(1). Accordingly, because the trial court here did not order disclosure, plaintiff's argument for punitive damages fails. Moreover, because the trial court did not clearly err by finding that defendants acted reasonably in responding to plaintiff's FOIA request, the threshold requirement for punitive damages under § 10(7) that defendants act *755 arbitrarily and capriciously has not been satisfied. In sum, the trial court did not err by denying plaintiff's request for punitive damages under M.C.L. § 15.240(7).
We affirm.
NOTES
[1] Proto-Cam is not a party to this action.
[2] We consider the term "executive session" to be synonymous with the term "closed session" as defined in the Open Meetings Act, M.C.L. § 15.261 et seq., to be "a meeting or part of a meeting of a public body that is closed to the public." M.C.L. § 15.262(c).
[3] The city of Grand Rapids in turn adopted a policy to mandate the destruction of closed session minutes pursuant to the timetable set forth in M.C.L. § 15.267(2). Grand Rapids City Commission Policy No. 200-01, effective April 30, 1974, as amended December 4, 1984.
[4] See n. 1.
[5] Because "10(8)" is an obvious clerical or typographical error, we find it appropriate to read "10(8)" as "10(7)." See, e.g., LeRoux v. Secretary of State, 465 Mich. 594, 614, 629, 640 N.W.2d 849 (2002) (Kelly, J., dissenting), citing Stow v. Grand Rapids, 79 Mich. 595, 597, 44 N.W. 1047 (1890). Before 1996 PA 553 amended the FOIA, § 5(3) referred to § 10(5), the predecessor of the current § 10(7). See Bredemeier, supra at 773, 291 N.W.2d 199.