# STATE OF MICHIGAN

# COURT OF APPEALS

PHAEDRA PETERSEN,

       Plaintiff-Appellant,

v

CHARTER TOWNSHIP OF SHELBY,

       Defendant-Appellee.

UNPUBLISHED
April 28, 2016

No. 323868
Macomb Circuit Court
LC No. 2014-001422-CZ

Before: BECKERING, P.J., and OWENS and K. F. KELLY, JJ.

PER CURIAM.

In this action pertaining to alleged violations of the Freedom of Information Act, MCL 15.231 *et seq.* (FOIA), plaintiff, Phaedra Peterson, appeals as of right from the trial court's opinion and order denying her motion for summary disposition under MCR 2.116(C)(9) and (10) and granting defendant Charter Township of Shelby's motion for summary disposition under MCR 2.116(C)(7), (8), and (10). We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arose from plaintiff's attempts to obtain police records from the Shelby Township Police Department. On February 18, 2014, plaintiff presented a written request (dated February 17, 2014) seeking documents and police reports related to a retail fraud investigation involving allegations that a certain individual shoplifted from a Kohl's department store.[1] While

---

[1] In her letter, plaintiff indicated that she approved up to $150 "to be used for the purpose of searching and copying" the requested records, and requested a call for further authorization if the cost would be higher. She also asked that if defendant denied in whole or in part her request, that defendant "justify all deletions by reference to specific exemptions of the act." Although her letter indicated that her request was being submitted "pursuant to the state open records act," she alleged in her complaint that the person who received her letter refused to accept it unless that language was stricken.

defendant disclosed documents in response to plaintiff's request at a cost of $62.00, plaintiff claims that the disclosed documents were not the documents she was seeking.

On March 10, 2014, plaintiff submitted another record request (dated March 7, 2014), in which she specifically requested "pursuant to the state open records act," "access to and copies of case 11-41282 for retail fraud."[2] Plaintiff alleges that, four days later, a Shelby Township employee told her that documents related to Case No. 11-41282 would not be disclosed because the case—entailing an incident that occurred in 2011—was still under investigation and plaintiff had not made an "official" FOIA request for the documents. No additional documents were provided to plaintiff in response to her second request.

On April 8, 2014, plaintiff's counsel submitted an online FOIA request on plaintiff's behalf requesting "all documents related to Shelby Police Department (SPD) incident report #11-41282," as well as "all SPD dispatch and run reports for the day in which report #11-41282 was created," and "all records, audio recordings of telephone calls between Phaedra Petersen and 'Grace,' at Shelby Twp."

On April 11, 2014, plaintiff filed a complaint alleging (1) a FOIA violation with respect to the February 18, 2014 record request, (2) a FOIA violation with respect to the March 10, 2014 record request, and (3) a claim for a declaratory judgment that the Shelby Township Police Department is not subject to any FOIA exemptions with respect to Case No. 11-41282 and that defendant has failed to meet its burden of demonstrating a valid exemption to disclosure.

On April 15, 2014, defendant produced the incident report in its Case No. 11-41282.

Plaintiff moved for summary disposition under MCR 2.116(C)(9) and (10), and for attorney fees and costs under MCL 15.240, MCR 2.114(E), and MCL 600.2591. Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10). Although the parties noticed their motions for a hearing, no such hearing took place. Instead, the trial court issued a written opinion and order granting summary disposition to defendant and denying plaintiff's motion. This appeal ensued.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's grant or denial of summary disposition in order to determine whether the moving party was entitled to judgment as a matter of law. *Arabo v Michigan Gaming Control Bd*, 310 Mich App 370, 382; 872 NW2d 223 (2015). We also review

---

[2] In her letter, plaintiff again indicated that she approved up to $150 in charges for the copies and requested a call if the cost would be higher. She also asked that if defendant denied in whole or in part her request, that defendant "justify all deletions by reference to specific exemptions of the act." Plaintiff avers in her complaint that she obtained the investigation file number from defendant by way of a phone call with the Shelby Township Police Department on March 7, 2014.

de novo the statutory interpretation and application of FOIA. *ESPN, Inc v Michigan State University*, 311 Mich App 662, ___; ___ NW2d ___ (2015). This Court reviews a trial court's factual findings for clear error, but reviews discretionary determinations for an abuse of discretion. *Id*.

## III. ANALYSIS

## A. STATUTORY DAMAGES

Plaintiff first argues that the trial court erred in concluding that she was not entitled to statutory damages under MCL 15.240(7). To determine whether to award damages under FOIA, MCL 15.235(4) and MCL 15.240(7) must be read together. *Local Area Watch v City of Grand Rapids*, 262 Mich App 136, 152-153; 683 NW2d 745 (2004). MCL 15.235(4) provides:

> In a civil action to compel a public body's disclosure of a public record under section 10 [MCL 15.240], the court shall assess damages against the public body pursuant to section 10(7) [MCL 15.240(7)] if the court has done both of the following:
>
> (a) Determined that the public body has not complied with subsection (2).
>
> (b) Ordered the public body to disclose or provide copies of all or a portion of the public record.

MCL 15.240(7) provides as follows:

> If the court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall order the public body to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $1,000.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.

Thus, an award of damages is appropriate only where (1) there was a court order requiring disclosure of a public record, and (2) the court found that the defendant acted arbitrarily and capriciously in refusing to provide the requested information. *Local Area Watch*, 262 Mich App at 152-153. The trial court in this case concluded that plaintiff was not entitled to statutory damages because the court did not order disclosure of any public record where defendant produced the records requested in the February 18, 2014 and March 7, 2014 requests after the Complaint was filed, without a court order. Because the court did not order disclosure of a public record, the trial court properly concluded that plaintiff was not entitled to statutory damages under MCL 15.235(4) and MCL 15.240(7). *Local Area Watch*, 262 Mich App at 152-153.

## B. PRODUCTION SUFFICIENCY

Plaintiff next argues that the trial court ignored defendant's failure to disclose booking photographs and fingerprints in response to her FOIA requests. While plaintiff argues on appeal that her request for fingerprints and booking photographs remain outstanding, plaintiff admitted in her motion for summary disposition that the requested records had been disclosed, that "an order compelling public record production is no longer at issue," and that the only issue that remained was plaintiff's right to attorney fees. Accordingly, plaintiff has not shown that the trial court erred with respect to the booking photographs and fingerprints.

## C. ATTORNEY FEES AND COSTS

Plaintiff next argues that the trial court erred in failing to award her reasonable attorneys' fees and costs under MCL 15.240(6), which provides:

> If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7).

Thus, to be entitled to attorney fees and costs, a plaintiff must prevail "in its assertion of the right to inspect, copy, or receive a copy of all or a portion of a public record." *Local Area Watch*, 262 Mich App at 149. The test is whether (1) the action was reasonably necessary to compel the disclosure, and (2) the action had the substantial causative effect on the delivery of the information to the plaintiff. *Id.*

In this case, the trial court denied plaintiff's request for attorney fees and costs on the ground that the court never made a finding that the requested documents were subject to disclosure under FOIA, "nor was it requested to do so." The trial court never determined whether the requested documents were subject to disclosure under FOIA because defendant released the documents four days after the complaint was filed. This Court has held, however, that "the disclosure of the records after plaintiff commenced the circuit court action rendering the FOIA claim moot as to the late-disclosed items does not void plaintiff's entitlement to fees and costs under [MCL 15.240(6)]." *Local Area Watch*, 262 Mich App at 150. Therefore, even though the requested documents had been disclosed to plaintiff, the trial court should have determined whether the documents were subject to FOIA disclosure for the purpose of determining plaintiff's right to attorney fees and costs.

Furthermore, the trial court erred in finding that plaintiff did not request a determination that the documents were subject to disclosure under FOIA. In her motion for summary disposition, plaintiff argued that she was entitled to attorney fees and costs because no exemption justified the failure to disclose the requested documents. Therefore, contrary to the trial court's finding, plaintiff requested a determination whether the requested documents were subject to disclosure under FOIA. Without making this determination, the trial court could not properly

determine whether plaintiff was entitled to attorney fees and costs. Accordingly, we remand this case to the trial court for a determination of (1) whether the requested documents were subject to disclosure under FOIA, (2) whether the action was reasonably necessary to compel the disclosure, and (3) whether the action had the substantial causative effect on the delivery of the information to plaintiff.

## D. DECLARATORY RELIEF

Finally, plaintiff argues that the trial court erred in dismissing her claim for a declaratory judgment that "the Shelby Township Police Department Case ID #11-41282 is not subject to any exemptions under Michigan's FOIA, and that Defendant has failed to meet its burden showing a valid exemption to disclosure." Where the requested documents were disclosed, however, we find no error in the dismissal of the declaratory judgment claim. MCR 2.605(A) empowers a circuit court to issue a declaratory judgment in "a case of actual controversy[.]" *PT Today, Inc v Comm'r of the Office of Fin and Ins Servs*, 270 Mich App 110, 127; 715 NW2d 398 (2006). Because the existence of an actual controversy is a condition precedent to the invocation of declaratory relief, "a court may not 'decide moot questions in the guise of giving declaratory relief.' " *Id.*, quoting *Dep't of Social Services v Emmanuel Baptist Preschool*, 434 Mich 380, 470; 455 NW2d 1 (1990) (opinion by BOYLE, J). The question whether plaintiff was entitled to receive the documents became moot once the documents were produced by defendant. Therefore, plaintiff has not shown that the trial court erred in dismissing the declaratory judgment claim. While a determination of whether the requested documents were subject to disclosure under FOIA is salient to the issue of whether plaintiff is entitled to costs and attorney fees, declaratory relief is not possible because the documents have already been produced to plaintiff.

## E. CONCLUSION

Accordingly, we affirm the trial court's grant of summary disposition in favor of defendant with respect to plaintiff's claims for statutory damages and declaratory relief. We reverse the trial court's denial of attorney fees and costs and remand to the trial court for a determination of (1) whether the requested documents were subject to disclosure under FOIA, (2) whether the action was reasonably necessary to compel the disclosure, and (3) whether the action had the substantial causative effect on the delivery of the information to the plaintiff, for the purpose of determining whether plaintiff is entitled to attorney fees and costs under MCL 15.240(6).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Donald S. Owens
/s/ Kirsten Frank Kelly

-5-