*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CASSIDY LAW, PLC and MEGAN W. CASSIDY,

    Plaintiffs-Appellants/Cross-Appellees,

v

HARSENS ISLAND TRANSPORTATION
AUTHORITY,

    Defendant-Appellee/Cross-Appellant.

UNPUBLISHED
March 18, 2026
9:28 AM

No. 373906
St. Clair Circuit Court
LC No. 23-002553-CZ

CASSIDY LAW, PLC and MEGAN W. CASSIDY,

    Plaintiffs-Appellants/Cross-Appellees,

v

HARSENS ISLAND TRANSPORTATION
AUTHORITY,

    Defendant-Appellee/Cross-Appellant.

No. 373911
St. Clair Circuit Court
LC No. 23-002572-CZ

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Plaintiffs appeal as of right from the trial court's orders denying their claim for attorney fees and civil fines under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant is a body of five volunteers appointed by the Clay Township Supervisor and Board. These appeals arise from plaintiffs' multiple requests for defendant to produce records

-1-

about defendant's communications and decisions in the performance of its duties.[1] Plaintiffs served FOIA requests on defendant on November 1, 2023, November 27, 2023, December 21, 2023, January 4, 2024, and January 17, 2024. Only the first two of these requests are the subject of these appeals. In December 2023, defendant advised plaintiffs that its staff was processing the requests, and that all or some the records in plaintiffs' requests were exempt from disclosure under FOIA. Plaintiffs were not satisfied with these responses, and filed FOIA actions against defendant on December 14, 2023, and December 19, 2023. In addition to seeking a court order requiring defendant's FOIA compliance, plaintiffs claimed reimbursement of attorney fees and costs expended to enforce compliance. Plaintiffs also asserted that the trial court should impose statutory civil fines as a penalty because defendant's noncompliance was wilful and intentional, and arbitrary and capricious.

In both lawsuits, plaintiffs moved for summary disposition on the ground that there was no genuine issue of fact that defendant was obligated to produce the records that plaintiffs requested and that plaintiffs were entitled to attorney fees and costs under FOIA. On March 14, 2024, the trial court issued an order requiring defendants to produce records. The trial court otherwise denied plaintiffs' summary disposition motions, finding that there were genuine issues of material fact relating to the issues of attorney fees and costs, and civil fines. In March 2024, defendants disclosed some records, maintaining that it produced all records in its possession that were not exempt. In July 2024, defendants disclosed records in response to the "third item" in plaintiffs' November 1, 2023 request. Plaintiffs were then satisfied that their FOIA requests were fulfilled, leaving only the attorney-fee and civil-fine issues unresolved. On September 3, 2024, the parties stipulated that the bench trial would be conducted via briefs. On December 13, 2024, the trial court issued an order denying costs, fees, and civil fines.

## II. FOIA'S ATTORNEY-FEE SHIFTING PROVISION

Plaintiffs argue that the trial court erred in denying their claim for attorney fees. The trial court's legal determinations under FOIA are reviewed de novo. *Woodman v Dep't of Corrections*, 511 Mich 427, 439; 999 NW2d 463 (2023). The trial court's factual findings are reviewed for clear error. *Id*. "An attorney-fee award in a FOIA action is reviewed for an abuse of discretion." *Id*. "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. "A trial court necessarily abuses its discretion when it makes an error of law." *Id*. at 339-340. The question of whether a party has the status of prevailing party under FOIA is a legal determination, and therefore reviewed de novo. *Id*. at 440.

"FOIA is a statute intended to provide members of the public access to public records unless the Legislature enacted a statutory exemption to disclosure." *Id*. at 441. "Public bodies are required to disclose public records upon request unless those records are specifically exempt from disclosure under MCL 15.243." *Id*. at 441-442. FOIA provides that "a person desiring to inspect

---

[1] On its website, defendant describes itself as "an all-volunteer organization" with the objective of "providing affordable, reliable and safe transportation to island residents and visitors." Harsens Island Transportation Authority, *About Us* <https://harsensita.org/> (accessed December 18, 2025).

or receive a copy of a public record shall make a written request for the public record to the FOIA coordinator of a public body." MCL 15.235(1). "Unless otherwise agreed to in writing by the person making the request, a public body shall, subject to subsection (10), respond to a request for a public record within 5 business days after the public body receives the request[.]" MCL 15.235(2). "Failure to respond to a request under subsection (2) constitutes a public body's final determination to deny the request" if either "[t]he failure was willful and intentional" or the written request was labeled as a FOIA request within the first 250 words. MCL 15.235(3)(a) and (b).

If a public body denies a request for records under FOIA, and the requesting party brings suit to compel disclosure, "the burden is on the public body to sustain its denial." MCL 15.240(4); *Woodman*, 511 Mich at 442. "FOIA includes a fee-shifting provision that awards attorney fees to requesting parties that 'prevail' in actions seeking to compel disclosure under MCL 15.240(1)(b)." *Woodman*, 511 Mich at 442. MCL 15.240(6) provides:

> If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements.

The word "shall" denotes a mandatory directive; thus, the verb phrase "*shall* award" *requires* the trial court to award attorney fees to the person asserting the right to access records when that person is the prevailing party. *Woodman*, 511 Mich at 442. The award is discretionary when a party "only 'prevails in part[.]' " *Id*. at 442-443, quoting MCL 15.240(6). To prevail under MCL 15.240(6), the court "must conclude that the action was reasonably necessary to compel the disclosure of public records, and that the action had a substantial causative effect on the delivery of the information to the plaintiff." *Woodman*, 511 Mich at 443.

In *Local Area Watch v Grand Rapids*, 262 Mich App 136, 140, 149-150; 683 NW2d 745 (2004), the defendants disclosed some documents in response to the plaintiff's FOIA request, but did not disclose others until the plaintiff conducted discovery in its FOIA suit. The defendants argued that the plaintiff was not entitled to attorney fees under MCL 15.240(6) because "they acted in good faith, but that the size, complexity, and vagueness of plaintiff's FOIA request made it difficult to timely locate each and every requested document." *Local Area Watch*, 262 Mich App at 149-150. This Court held:

> But defendants' failure to timely respond to plaintiff's request still constitutes a denial and violation of the act. Moreover, whether defendants' actions were reasonable is no defense when determining whether a prevailing party must be awarded attorney fees under § 10(6). Finally, the disclosure of the records after plaintiff commenced the circuit court action rendering the FOIA claim moot as to the late-disclosed items does not void plaintiff's entitlement to fees and costs under § 10(6). We conclude, therefore, that for purposes of § 10(6) of the FOIA, plaintiff has prevailed in part because plaintiff's FOIA action was reasonably necessary to and substantially caused defendants to produce the late-disclosed items. [*Id*. at 150 (citations omitted).]

The Court concluded, however, that the plaintiff "did not prevail on its central claim" relating to its request for minutes of the defendants' closed session. *Id*. at 151. Therefore, the plaintiff was not entitled to mandatory attorney fees under the first sentence of § 10(6). *Id*. Instead, the trial court had discretion to award attorney fees under the second sentence of § 10(6). *Id*. The Court concluded that the trial court did not clearly err in finding that the defendants acted reasonably; nor did the trial court abuse its discretion in denying attorney fees. *Id*.

*Local Area Watch*, 262 Mich App at 150, indicates that a defendant's reasonableness and good-faith effort in responding to a FOIA request does not warrant an exception to the mandatory attorney-fee provision in MCL 15.240(6). However, the trial court in the present case did not deny attorney fees on the ground that defendant behaved reasonably; it denied attorney fees because it found that plaintiff's lawsuit was not reasonably necessary to compel production, and that the lawsuit did not have the requisite "substantial causative effect on production of the requested information." This conclusion is in accord with the requirements for finding that a plaintiff is a prevailing party under the statute. *Woodman*, 511 Mich at 443.

The trial court's finding was supported by the evidence. Despite the delays caused by defendant's inexperience, and the illness of an administrative worker, defendant was responsive to plaintiffs' communications between November 1, 2023, and December 14, 2023, the date the first lawsuit was filed. Defendant made the documents available for plaintiffs' inspection by January 3, 2024, but plaintiffs' counsel did not go to the office to inspect the production. Plaintiffs blame defense counsel for not answering their follow-up questions on January 3, 2024. Plaintiffs correctly argue that defendant's actions after the lawsuit was filed do not negate the necessity of filing the lawsuit to obtain the records. *Local Area Watch*, 262 Mich App at 150. However, defendant's actions on January 3, 2024, can be interpreted as evidence that defendant was continuing the efforts it made before, and that the production was in progress and would have been completed without plaintiffs' lawsuit. On the other hand, defendant's failure to (1) respond to plaintiffs' inquiries about the production in their January 3, 2024 e-mail, (2) accurately cite statutory authority for the claimed exemption, and (3) produce all requested documents even after the March 22, 2024 orders, could be interpreted as evidence that defendant would not have voluntarily complied without plaintiffs' lawsuit. A trial court's finding is clearly erroneous "[i]f although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). Although the court might have decided the factual issue differently, the finding it made was supported by evidence. Accordingly, the court's finding that plaintiffs were not a prevailing party was not clearly erroneous. *Woodman*, 511 Mich at 439.

## III. FINE FOR INTENTIONAL AND WILLFUL NONCOMPLIANCE

Plaintiffs argue that the trial court should have imposed a fine against defendant under MCL 15.240b. This statute provides:

> If the court determines, in an action commenced under this act, that a public body willfully and intentionally failed to comply with this act or otherwise acted in bad faith, the court shall order the public body to pay, in addition to any other award or sanction, a civil fine of not less than $2,500.00 or more than $7,500.00 for each occurrence. In determining the amount of the civil fine, the court shall consider the

budget of the public body and whether the public body has previously been assessed penalties for violations of this act. The civil fine shall be deposited in the general fund of the state treasury.

The trial court found that defendant's failures in compliance stemmed from "an unintended lack of understanding and appreciation for the FOIA details" rather than from intentional refusal. This finding was supported by the same evidence that supported the trial court's finding that defendant was working toward compliance and would have fully complied even if plaintiffs had not brought suit. Thus, this argument fails for the same reasons discussed above. Accordingly, the trial court did not clearly err in finding that defendant did not engage in conduct warranting imposition of a fine under MCL 15.240b.

## IV. FINE FOR ARBITRARY AND CAPRICIOUS NONCOMPLIANCE

Plaintiffs argue that the trial court should have imposed a fine under MCL 15.240(7), which provides:

> If the court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall order the public body to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $1,000.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.

"The generally accepted meaning of arbitrary is determined by whim or caprice, or arrived at through an exercise of will or caprice, without consideration or adjustment with reference to principles, circumstances, or significance[.]" *In re TEM*, 343 Mich App 171,177; 996 NW2d 850 (2022) (cleaned up). Likewise, "the generally accepted meaning of capricious is apt to change suddenly; freakish; whimsical; [or] humorsome." *Id.* (cleaned up). Plaintiffs' allegations of arbitrary and capricious conduct by defendant are weaker than their allegations of intentional noncompliance. Defendant's responses reflected that its members were making efforts to respond to plaintiffs' requests, even if they were mistaken about exemptions. These actions cannot be fairly described as capricious or arbitrary. The court did not err in denying assessment of a fine under MCL 15.240(7).

## V. CROSS-APPEAL

Defendant filed a cross-appeal challenging the trial court's conclusion in plaintiffs' third lawsuit that a document was exempt from disclosure under FOIA. Defendant disclosed this document after this Court denied his motion for a stay. *Cassidy Law, PLC v Harsens Island Transp*

*Auth*, unpublished order of the Court of Appeals, entered March 11, 2025 (Docket Nos. 373906 and 373911). Defendant acknowledges that this issue is now moot, and withdraws the claim of cross-appeal.

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani